# APPENDIX A

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

BALMORAL HOME, INC.,             )
on behalf of itself and a class,      )
                                  )
        Plaintiff,            )     13 C 3995
                                    )
        v.                  )
                                    )     Magistrate Judge Cox
CMK HEALTHCARE TRAINING      )
CENTER, LLC and COMPLETE LAB  )
TESTS, INC.,                    )
                                    )
        Defendants.         )

**SETTLEMENT AGREEMENT**

**RECITALS AND DEFINITIONS**

       1.    <u>Parties</u>.  Defendants CMK Healthcare Training Center, LLC ("CMK") and Complete Lab Tests, Inc. ("CLT"), (collectively, "Defendants") and Plaintiff Balmoral Home, Inc. ("Plaintiff") individually and as representative of the settlement class of persons defined below in paragraph 3 of the Terms   (the "Settlement Class"), enter into this Settlement Agreement ("Settlement Agreement").

       2.    <u>Nature of Litigation</u>.  In this lawsuit, captioned *Balmoral Home, Inc. v. CMK Healthcare Training Center, LLC and Complete Lab Tests, Inc.*, United States District Court, Northern District of Illinois, Eastern Division, docket no. 13 C 3995, (the "Litigation"), Plaintiff alleges that Defendants violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. ("TCPA"), the Illinois Consumer Fraud Act, 815 ILCS 505/2 ("ICFA") and common law (conversion, private nuisance, and trespass to chattels) by causing unsolicited facsimile advertisements to be transmitted to a nationwide class of individuals and entities.

1

3.      <u>Denial of Liability</u>.  CMK and CLT deny violating the TCPA and Illinois state law and further deny any liability to Plaintiff and the Settlement Class for the claims alleged.  CMK and CLT desire to settle these claims solely to avoid the expense, burden, and uncertainty of further litigation, and to put to rest all claims, known or unknown, that have been or might have been asserted by the Plaintiff or the Settlement Class against CMK and CLT concerning the matters alleged in the Amended Class Action Complaint.

4.      <u>"Class Counsel"</u> means Edelman, Combs, Latturner, & Goodwin LLC and its attorneys.

5.      <u>"Plaintiff"</u> means Balmoral Home, Inc., and each and every one of its respective successors and assigns.

6.      <u>"Released Parties"</u> means, CMK and CLT and their respective parent and affiliated entities (including, but not limited to, American Healthcare Business Consultants); their predecessors and successors in interest and their present, former, and future affiliates, and the past and current officers, directors, shareholders, partners, members, employees, agents and insurers of the foregoing persons or entities in such capacities as they relate to the actions that are the subject of the Litigation.

7.      <u>"Settlement Class Member(s)"</u> means Plaintiff and any member of the Settlement Class who is not excluded from the Settlement Class by the Court.

8.      <u>"Released Claims"</u> means any and all causes of action, suits, claims, or demands, in law or in equity, known or unknown at this time, which any Settlement Class Member now has, did have, or may have in the future against the Released Parties, or any of them, under any legal theory, whether or not alleged, related to or arising from the transmission

of facsimiles on March 18, 2013 in the form of <u>Exhibit A</u> to the Amended Complaint, by or on behalf of CMK and CLT promoting their goods or services for sale, which do not contain an opt out notice as described in 47 U.S.C. § 227 (hereinafter the "Released Claims") for the time period of May 30, 2009 through and including May 30, 2013. Plaintiff, individually and on behalf of the Settlement Class, desires to settle its claims against CMK and CLT, having taken into account through Plaintiff's counsel the risks, delay, and difficulties involved in establishing a right to recovery in excess of that offered by this settlement and the likelihood that further litigation will be protracted and expensive. Plaintiff represents and warrants that it owns or leases the facsimile machine which received the fax at issue in the Litigation at the time the fax was sent and received. The warranties and representations made in this Agreement survive the execution of the Agreement.

9.      Plaintiff, individually and on behalf of the Settlement Class, desires to settle its claims against CMK and CLT, having taken into account through Plaintiff's counsel the risks, delay, and difficulties involved in establishing a right to recovery in excess of that offered by this settlement and the likelihood that further litigation will be protracted and expensive. Plaintiff represents and warrants that it owns or leases the facsimile machine which received the fax at issue in the Litigation at the time the fax was sent and received. The warranties and representations made in this Agreement survive the execution of the Agreement.

10.      Plaintiff's counsel has investigated the facts and the applicable law. Based on the foregoing, and upon an analysis of the benefits afforded by this Settlement Agreement, Plaintiff's counsel considers it to be in the best interest of the Settlement Class to enter into this Settlement Agreement.

11.     In consideration of the foregoing and other valuable consideration, Plaintiff, Plaintiff's counsel, and CLT and CMK agree to settle the claims of the Plaintiff and the Settlement Class, subject to the Court's approval, on the following terms and conditions.

## TERMS

1.     <u>Incorporation of Recitals and Definitions.</u>  The recitals and definitions set forth above are incorporated into this Agreement.

2.     <u>Effective Date</u>.  If there is no objection to the Court approving this Settlement, then the Settlement Agreement shall become effective (hereinafter the "Effective Date") upon the occurrence of all of the following:

> (a) The Court's entry of a Final Approval Order substantially in the form of Exhibit 4, and

> (b) The expiration of five (5) days from the time that the Final Approval Order becomes final and non-appealable.

3.     <u>Certification of Settlement Class</u>.  Solely for the purposes of settlement, the parties stipulate to the certification of a Settlement Class, which is defined as:

> All persons and entities with fax numbers who on March 18, 2013, received faxes in the form of <u>Exhibit A</u>, by or on behalf of CMK and CLT, promoting their goods or services for sale and which do not contain an opt out notice as described in 47 U.S.C. § 227.  (the "Settlement Class")

For settlement purposes only, the Parties agree that, as part of the Preliminary Approval Order the Court may make preliminary findings and enter an order granting provisional certification of the Settlement Class subject to final findings and certification in the Final Approval Order, and appointing both Plaintiff as class representative and Daniel A. Edelman and Heather Kolbus of Edelman, Combs, Latturner & Goodwin, LLC as Settlement Class Counsel ("Settlement Class

Counsel"). For settlement purposes only, the Settlement Class is certified pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure. CLT and CMK do not consent to certification of the Settlement Class for any purpose other than to effectuate the settlement of the Litigation. If this Settlement Agreement is not approved by the Court or is terminated pursuant to its terms or for any other reason, or is disapproved in a final order by any court of competent jurisdiction, (a) the order certifying the Settlement Class and all preliminary and/or final findings or stipulations regarding certification of the Settlement Class shall be automatically vacated upon notice to the Court of this Settlement Agreement's termination or disapproval; (b) this Action will proceed as though the Settlement Class had never been certified and any related findings or stipulations had never been made and neither this Settlement Agreement nor any other associated settlement document may be used in seeking class certification; and (c) CLT and CMK reserve all procedural or substantive rights as of the date of execution of this Settlement Agreement

4.      Based on discovery conducted to date, including the testimony of Michael Echevarria, CMK and CLT successfully sent approximately 304 facsimile transmissions to 301 unique fax numbers (the "Fax List") on March 18, 2013. Michael Echevarria testified that the faxes sent on March 18, 2013 were in the form of <u>Exhibit A</u> to the amended complaint.

5.      <u>Relief to Plaintiff and the Settlement Class</u>. CLT, through its insurer ProAssurance Specialty Insurance Company, Inc. ("ProAssurance"), and CMK through its insurer State Farm Fire & Casualty Company ("State Farm"), shall collectively provide the following relief to Plaintiff and the Settlement Class, subject to the Court's approval:

a.      State Farm and ProAssurance agree to make available a Settlement Fund in the total amount of $120,000.00 ("Settlement Fund") which shall be distributed as set forth below with all other remaining funds, including

5

uncashed class member payments, reverting to State Farm and ProAssurance;

b.      $1,500.00 shall be paid from the Settlement Fund to Plaintiff as an incentive award in recognition of its services as Class Representative;

c.      counsel for Plaintiff and the Settlement Class, Edelman, Combs, Latturner & Goodwin, LLC, shall request 33% of the Settlement Fund for attorney's fees;

d.      State Farm and ProAssurance agree to pay the cost to retain a mutually agreeable third-party Claims Administrator and will provide notice of its selection to Class Counsel after entry of the Preliminary Approval Order. The Claims Administrator will be paid from the Settlement Fund;

e.      each member of the Settlement Class who submits a valid claim form will receive a check for $250, after the amounts set forth in subsections (b), (c), (d) and any award of costs are paid; and

f.      the Claims Administrator shall determine which claims are valid or invalid without involvement by counsel for any of the Parties.

6.      Any award of attorney's fees and costs and an incentive award to Plaintiff may be distributed within 14 days following the Effective Date. Within 30 days following the Effective Date, the Claims Administrator shall provide a list of valid and invalid claims to counsel for the Parties. State Farm and ProAssurance shall provide sufficient funds to the Claims Administrator so that it may issue, within 28 days thereafter, checks in the amount called for in this Agreement to the Settlement Class members who submitted valid claims. State Farm and ProAssurance agreed in a separate agreement on the allocation of the payments from the Settlement but both guarantee all payments owed. Any portion of the Settlement Fund that is not paid on account of valid claims of Settlement Class Members, to the Class Representative, or to Class Counsel, or in expenses, shall revert to State Farm and ProAssurance as agreed between them. Neither State Farm nor ProAssurance shall be responsible for any payments or obligations other than those specified in this Agreement. The Parties agree that neither CMK nor CLT shall

6

not be responsible or liable for any amounts to be contributed to the Settlement and shall not be liable for any amounts due or payable under this Agreement, including amounts for attorney's fees, costs and expenses or fees for the Class Administrator, except through their respective insurance policies.

7.      Settlement Class Members shall have at least 60 days to submit a claim form, to opt out, or object to the proposed settlement, after notice of the proposed settlement is sent to the Settlement Class by facsimile to the Fax List.

8.      Costs associated with notice, claims administration and distribution of settlement checks shall come from the Settlement Fund.

9.      The settlement checks issued to the members of the Settlement Class for payment of claims under this Agreement will be void after 60 days from the date of issuance. Any Settlement Class member who does not negotiate the claim payment check issued to them within 60 days of the date of issuance of the settlement claim payment check, agrees that they rescind and withdraw their claim for monetary compensation under this Agreement but remain a member of the Settlement Class and are bound by the terms of this Agreement.

10.      <u>Undistributed Settlement Funds</u>.  Within 30 days following the last void date of the checks issued to Settlement Class members for payment of claims the Settlement Class Administrator will report to the Parties if there are any uncashed checks or unclaimed or undistributed settlement funds.  In the event that there are undistributed funds in the Settlement Fund after all payments required under this Agreement are made the Class Administrator will return any undistributed funds to counsel for State Farm, who will then apportion funds to State Farm and ProAssurance as set forth in their separate agreement.

7

11.     Release.   Upon the Effective Date, Plaintiff and the Settlement Class members who have not been excluded from the Settlement Class, grant the following releases:

a.     Plaintiff, hereby fully releases and discharges the Released Parties   from any and all liability for any and all causes of action, suits, claims, or demands, in law or in equity, known or unknown at this time, which Plaintiff now has, did have, or may have in the future against the Released Parties, or any of them, under any legal theory, whether or not alleged, related to or arising from the transmission of facsimiles on March 18, 2013 in the form of Exhibit A by or on behalf of CMK and CLT to members of the Settlement Class for the time period of May 30, 2009 through and including May 30, 2013.

b.     Each member of the Settlement Class who has not been excluded from the Settlement Class, hereby fully releases and discharges the Released Parties from any and all liability for any and all causes of action, suits, claims, or demands, in law or in equity, known or unknown at this time, which each such Settlement Class member now has or ever had against the Released Parties, or any of them, under any legal theory, whether or not alleged, related to the Released Claims.

12.     This Settlement Agreement may be pleaded as a full and complete defense to any action, suit or other proceeding that may be instituted or prosecuted with respect to the claims released herein.

13.     If this Settlement Agreement is not approved by the Court or for any reason does not become effective, it shall be deemed null and void and shall be without prejudice to the rights of the parties hereto and shall not be used in any subsequent proceedings in this or any other litigation, or in any manner whatsoever.

14.     Attorneys' Fees, Notice Costs and Related Matters.   The Class Administrator will administer the Settlement Fund for the benefit of the Settlement Class and will pay the reasonable costs of notice and settlement administration out of the Settlement Fund. Any amount advanced from the Settlement Fund to pay for notice and administrative expenses

8

shall not be included in any request by Plaintiff's Counsel for reimbursement at Final Approval of the Settlement Agreement. Class Counsel will request approval from the Court for attorneys' fees in an amount not to exceed 33% of the Settlement Fund. Class Counsel will not request additional fees or costs from CMK or CLT or their respective insurers or the Settlement Class other than the above-referenced sums. Defendants and their respective insurers agree not to oppose an award of fees to Class Counsel of no more than 33% of the Settlement Fund.

15.    Notice.    Within 35 days of entry of the Preliminary Approval Order, the Class Administrator shall cause actual Notice in the form of Exhibit 1 and a Claim Form in the form of Exhibit 2 to be sent to the facsimile numbers identified on the Fax List. The Class Administrator shall make at least two attempts to transmit the Notice by facsimile to those numbers where the initial transmission failed. Within 21 days of the date that the Notice was first sent by facsimile, the Class Administrator may upon the approval of all the Parties, send the Notice and Claim Form by facsimile to each Settlement Class Member identified on the Fax List who did not submit a Claim Form or otherwise respond to the Class Notice by that date. The Class Administrator shall make at least two attempts to transmit the Notice by facsimile to those numbers where the initial transmission failed.

The Class Administrator shall submit an affidavit to be filed with the Court identifying the total number of transmissions successfully sent and failed in each round of notice to the class at least ten days prior to the Final Approval Hearing. This affidavit shall also identify the total number of valid and invalid claims submitted. For the invalid claims identified, the Class Administrator shall set forth the reason why the claim was disallowed.

Class Counsel or the Class Administrator shall provide any Settlement Class Member who contacts either of them and requests a copy of the Notice or Claim Form with the Notice. The Class Administrator may create a website which allows for electronic submission of Claim Forms. Any website created by the Class Administrator may also post the Notice, Claim Form, Exhibit A to the amended complaint, Preliminary Approval Order, and Settlement Agreement (excluding exhibits).

The Class Administrator shall retain all documents and records generated during the administration of the settlement including records of notice given to Class Members, confirmations of transmittals of such notices by facsimile, unconfirmed facsimile transmissions, records of undelivered mail, claim forms, and payment to Class Members for a period of one year following the issuance of the Final Approval Order, and the expiration of all deadlines for appeal therefrom. Class Counsel shall allow CMK and CLT to inspect such documents, upon reasonable request by counsel for CMK and CLT. The Fax List and all other documents and records generated during the administration of the settlement shall be used for purposes consistent with notice and administration of this settlement and for no other purpose.

16. Claim Validation. A member of the Settlement Class must submit a valid Claim Form confirming: (1) their identity; (2) ownership of the fax number that is contained on the Fax List to notice is sent; and (3) authority to submit the Claim Form to receive a check for $250.00 from the Settlement Fund. The Class Administrator shall match the fax number provided by the Settlement Class Member on a returned Claim Form to a fax number on the Fax List. If there are any deficiencies on the claim forms submitted, the Class Administrator shall follow-up with the Settlement Class Member to determine if the deficiency can be cured. In addition, if the fax

10

number on the Claim Form submitted does not match, the Class Administrator shall follow-up with the Settlement Class Member and inquire if they employed other fax numbers during the Class Period (to ascertain if any different fax number is a number on the Fax List), in an effort to determine whether the claim is a valid claim.

If the fax number or fax numbers provided on a Claim Form do not match the list, and the follow-up with the Settlement Class Member has not resolved the issue, the Class Administrator shall disallow the claim. The third-party Claims Administrator shall determine which claims are valid or invalid without involvement by counsel for any of the Parties. If Class Counsel, counsel for CMK or CLT do not agree with the Class Administrator's disposition of an invalid claim, that party may request consideration of said invalid claims at the final approval hearing only. The court's determination shall be binding on all parties. The valid shall be paid as provided in paragraph 5(e).

17. Right to Object. Any Settlement Class member may object to the Settlement Agreement and appear in person or through counsel, at his, her or its own expense. The deadline to object shall be set by the Court in the Preliminary Approval Order and the Parties shall propose that it be at least 60 days after the entry of such order. Any Settlement Class member may object to the Settlement Agreement by filing with the Court and mailing a copy of the objection to Plaintiff's Counsel and Defendants' Counsel. Any objection must include: (a) the name, address, and facsimile phone number of the person(s) or entity objecting to the Settlement Agreement; (b) a statement of the objection to the Settlement Agreement; (c) an explanation of the legal and factual basis for the objection; and (d) documentation, if any, to support the objection.

11

18. Right of Exclusion. All Settlement Class members who properly file a timely written request for exclusion from the Settlement Class shall be excluded from the Settlement Class and shall have no rights as Settlement Class members pursuant to this Settlement Agreement. A request for exclusion must be in writing and state the name, address, and facsimile phone number (to which fax was sent) of the person(s) or entity seeking exclusion. Each request must also contain a signed statement providing that: "I/we hereby request that I/we be excluded from the proposed Settlement Class in the Litigation." The request must be mailed to Class Counsel or the Class Administrator at the address provided in the Notice and postmarked or received by Class Counsel or the Class Administrator on such date as set by the Court. A request for exclusion that does not include all of the foregoing information, or that is sent to an address other than the one designated in the Notice, or that is not postmarked or received by Class Counsel or the Class Administrator within the time specified, shall be invalid and the person(s) serving such a request shall remain a Settlement Class member and shall be bound by the terms of the Settlement Agreement, if approved. Settlement Class members shall have at least 60 days from the date of entry of the Preliminary Approval Order to opt out of the Settlement.

19. Preliminary Approval. As soon as practicable after execution of this Settlement Agreement, Class Counsel shall file a Motion for Preliminary Approval of this Settlement Agreement and shall present such motion to the Court requesting the entry of a Preliminary Approval Order substantially in the form of Exhibit 3 or in such other form which is mutually acceptable to the Parties:

20. Final Approval. Class Counsel shall file a memorandum in support of final approval of the Settlement, which shall include Class Counsel's request for an award of attorney's fees

and costs, at least 7 days prior to the date the Court sets for the final approval hearing. The Parties shall request the Court to enter a Final Approval Order substantially in the form of Exhibit 4, or in another form which is mutually acceptable to the Parties. Pursuant to CAFA the Final Approval Order shall not be entered until the expiration of at least 90 days from the date the preliminary approval order was entered. Entry of a Final Approval Order substantially in the form of Exhibit 4 or in another form which is mutually acceptable to the Parties is a condition precedent to this Agreement becoming fully effective. In the event a Final Approval Order substantially in the form of Exhibit 4 or in another form which is mutually acceptable to the Parties is not entered then this Agreement shall be null and void and is rescinded.

21. The fact that the Court may require non-substantive changes to documents attached as Exhibits 1 through 4 does not invalidate this Settlement Agreement.

22. Release of Attorneys' Lien. In consideration of this Settlement Agreement, Class Counsel hereby waives, discharges and releases the "Released Parties," as defined in paragraph 7 of the Recitals and Definitions above, of and from any and all claims for attorneys' fees, by lien or otherwise, for legal services rendered by Class Counsel in connection with this Amended Class Action Complaint, other than the amount awarded by the Court as specified above.

23. Dismissal Order. At the hearing on Final Accounting of the settlement, Plaintiff shall present an Order or Stipulation of Dismissal dismissing the claims of Plaintiff and the Class Members with prejudice, except those who have opted out of the settlement against Defendants and without costs.

24. Dismissal of the Declaratory Judgment Action. After this Settlement has received the Court's final approval, State Farm shall dismiss its insurance declaratory judgment action,

*State Farm Fire & Casualty Company v. Balmoral Home, Inc., Able Home Health, LLC, CMK Healthcare Training Center, LLC and Complete Lab Tests, Inc.*, 13 CH 24781 (Cir. Ct. Cook Cty., Ill.).

25. Applicable Law.  This Settlement Agreement shall be governed by and interpreted in accordance with the state law of the State of Illinois.

26. Miscellaneous Provisions.  The parties and their attorneys agree to cooperate fully with one another in seeking approval of this Settlement Agreement, and to use their best efforts to effect the consummation of this Settlement Agreement and the settlement provided for herein. Whether or not this Settlement Agreement and the settlement contemplated hereunder are consummated, this Settlement Agreement and the proceedings had in connection herewith shall in no event be construed as, or be deemed to be, evidence of an admission or concession on the part of CMK or CLT of any liability or wrongdoing whatsoever.

27. Material Representation by Plaintiff's Counsel.   Material Representation by Plaintiff's Counsel.  Plaintiff's counsel has not been retained to represent any client who has identified a claim against CMK, CLT, or American Healthcare Business Consultants related to or arising out of sending of unsolicited advertising facsimiles, and has disclosed all identified unsolicited advertising faxes sent by CMK and CLT pursuant to Fed. R. Civ. P. 26(a)(ii). Plaintiff's counsel also represents and warrants that as of the time it executed this Agreement for the purpose of making the representations set forth in this paragraph, it is not aware of any person or entity, or client which it is representing, other than Balmoral and Able, that has or may have a claim against any of the Defendants arising from the receipt of any unsolicited facsimile advertisements sent by or on behalf of Defendants, and that it has not been asked to represent any

other clients regarding claims against the Defendants arising from or relating to unsolicited facsimile advertisements sent by or on behalf of the Defendants. Plaintiff and Plaintiff's counsel acknowledge that these representations are material and that Defendants enter into this Agreement in express reliance on these representations.

28. **Benefit of this Settlement Agreement**. This Settlement Agreement shall be binding upon and inure to the benefit of the Plaintiff, the Released Parties and Settlement Class Members, as these terms are defined in the Recitals and Definitions, and each of their respective successors and personal representatives, predecessors, affiliates, heirs, executors and assigns. It is expressly understood by the Parties that the Released Parties are intended third-party beneficiaries of this Agreement.

29. **Authority**. The Parties hereby represent to one another that they have full power and authority to enter into this Settlement Agreement and carry out their obligations.

30. **Right to Set Aside Settlement Agreement**. CMK and CLT shall have the right, but not the obligation, to set aside or rescind this Settlement Agreement, if more than 20 Settlement Class members submit non-duplicative, timely and valid requests for exclusion from this Settlement Class. CMK and CLT must timely exercise their right to rescind the Agreement by filing a Notice of Rescission with the Clerk of the Court prior to the entry of a Final Approval Order by the Court.

31. **Entire Agreement**. Any and all prior understandings and agreements between the Parties with respect to the subject matter of this Settlement Agreement are merged into and with this Settlement Agreement, which fully and completely expresses the entire agreement and understanding of the Parties with respect to the subject matter hereof. This Settlement

Agreement may be amended, modified or changed only by a written instrument or instruments executed by duly authorized officers or other representatives of the Parties expressly amending, modifying or changing this Settlement Agreement and may not be amended, modified or changed orally.

32. Counterparts. This Settlement Agreement may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute the same instrument. Signatures provided by facsimile or e-mail shall be deemed legal and binding for all purposes.

33. Headings. The headings in this Settlement Agreement are for convenience of reference only and are not to be taken to be a part of the provisions of this Settlement Agreement, nor to control or affect meanings, constructions or the effect of the same.

IN WITNESS WHEREOF, the Parties have caused this Settlement Agreement to be duly executed and delivered by their duly authorized representatives on the date last written below.

**PLAINTIFF:**

Balmoral Home, Inc.

By: _____

Its: _____ADMINISTRATOR_____

**DEFENDANTS:**

CMK Healthcare Training Center, LLC

By: _____

Its: _____

16

Agreement may be amended, modified or changed only by a written instrument or instruments executed by duly authorized officers or other representatives of the Parties expressly amending, modifying or changing this Settlement Agreement and may not be amended, modified or changed orally.

32. Counterparts.  This Settlement Agreement may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute the same instrument. Signatures provided by facsimile or e-mail shall be deemed legal and binding for all purposes.

33. Headings.  The headings in this Settlement Agreement are for convenience of reference only and are not to be taken to be a part of the provisions of this Settlement Agreement, nor to control or affect meanings, constructions or the effect of the same.

IN WITNESS WHEREOF, the Parties have caused this Settlement Agreement to be duly executed and delivered by their duly authorized representatives on the date last written below.

**PLAINTIFF:**

Balmoral Home, Inc.

By: _____

Its: _____

**DEFENDANTS:**

CMK Healthcare Training Center, LLC

By: _____ MICHELLE ECHEVARRIA

Its: MANAGING MEMBER

16

Complete Lab Tests, Inc.

By: _____

Its: _____

**COMPLETE LAB TESTS, INC.'S
INSURER, PROASSURANCE
SPECIALTY INSURANCE COMPANY**

By: _____

Its: _____

**CMK HEALTHCARE TRAINING
CENTER, LLC'S INSURER,
STATE FARM FIRE & CASUALTY
COMPANY**

By: _____

Its: _____

_____
Daniel A. Edelman
Heather Kolbus
EDELMAN, COMBS, LATTURNER,
& GOODWIN, LLC
120 S. LaSalle Street, Suite 1800
Chicago, IL 60603
(312) 739-4200

_____
David J. Tecson
Michael A. Eurich
CHUHAK & TECSON, P.C.
30 S. Wacker Drive, Suite 2600
Chicago, IL 60606
(312) 444-9300

Lawrence Stark
Dean J. Lurie
STONE POGRUND & KOREY LLC
1 East Wacker Drive, Suite 2610
Chicago, IL 60601
(312) 782-3636

Complete Lab Tests, Inc.

By: _____ ~MICHELLE ECHEVARRIA

Its: _PRESIDENT_____

**COMPLETE LAB TESTS, INC.'S
INSURER, PROASSURANCE
SPECIALTY INSURANCE COMPANY**

By: _Chris W. The_____

Its: _Senior Claim Specialist_____

**CMK HEALTHCARE TRAINING
CENTER, LLC'S INSURER,
STATE FARM FIRE & CASUALTY
COMPANY**

By: _____

Its: _____

_____
Daniel A. Edelman
Heather Kolbus
EDELMAN, COMBS, LATTURNER,
& GOODWIN, LLC
120 S. LaSalle Street, Suite 1800
Chicago, IL 60603
(312) 739-4200

_____
David J. Tecson
Michael A. Eurich
CHUHAK & TECSON, P.C.
30 S. Wacker Drive, Suite 2600
Chicago, IL 60606
(312) 444-9300

Lawrence Stark
Dean J. Lurie
STONE POGRUND & KOREY LLC
1 East Wacker Drive, Suite 2610
Chicago, IL 60601
(312) 782-3636

Complete Lab Tests, Inc.

By: _____

Its: _____

**COMPLETE LAB TESTS, INC.'S
INSURER, PROASSURANCE
SPECIALTY INSURANCE COMPANY**

By: _____

Its: _____

**CMK HEALTHCARE TRAINING
CENTER, LLC'S INSURER,
STATE FARM FIRE & CASUALTY
COMPANY**

By: _____

Its: _____

Daniel A. Edelman
Heather Kolbus
EDELMAN, COMBS, LATTURNER,
    & GOODWIN, LLC
120 S. LaSalle Street, Suite 1800
Chicago, IL 60603
(312) 739-4200

David J. Tecson
Michael A. Eurich
CHUHAK & TECSON, P.C.
30 S. Wacker Drive, Suite 2600
Chicago, IL 60606
(312) 444-9300

Lawrence Stark
Dean J. Lurie
STONE POGRUND & KOREY LLC
1 East Wacker Drive, Suite 2610
Chicago, IL 60601
(312) 782-3636

*Counsel for CMK Healthcare Training Center, LLC*

Robert J. Feldt
John P. Twohy
Kirk D. Bagrowski
EICHORN & EICHORN, LLP
200 Russell Street
P.O. Box 6328
Hammond, IN 46325
(219) 931-0560
*Counsel for Complete Lab Tests, Inc.*

# EXHIBIT 1

**EXHIBIT 1**
**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS**
*BALMORAL HOME, INC. v. CMK HEALTHCARE TRAINING CENTER, LLC and COMPLETE LAB TESTS, INC.,* **13 C 3995**

**NOTICE OF PROPOSED CLASS ACTION SETTLEMENT**
*THIS IS **NOT** A SOLICITATION.*
*THE SENDING OF THIS NOTICE BY FACSIMILE HAS BEEN APPROVED BY THE COURT.*
**YOU RECEIVED THIS NOTICE BECAUSE RECORDS OF DEFENDANTS INDICATE THAT YOU ARE A MEMBER OF THE PROPOSED SETTLEMENT CLASS IN THIS CASE. PLEASE READ THIS NOTICE CAREFULLY. IF YOU WISH TO BE PAID BENEFITS UNDER THIS SETTLEMENT, YOU MUST SUBMIT A CLAIM FORM BY <mark>DATE, 2014</mark>.**

**I. WHY YOU RECEIVED THIS NOTICE?**
You received this notice because the records of Defendants CMK Healthcare Training Center, LLC ("CMK") and Complete Lab Tests, LLC ("CLT") show that you were sent one or more facsimiles in the form Exhibit A which promoted the goods or services of CMK and CLT and which was sent to you by CMK and CLT on March 18, 2013. If this is true then you are a member of the Settlement Class in a class action law suit filed against CMK and CLT.

**II. WHAT IS THE LAWSUIT ABOUT?**
Plaintiff, Balmoral Home, Inc. ("Plaintiff"), sued CMK and CLT, alleging that it received an unsolicited facsimile advertisement sent by or on behalf of CMK and CLT promoting their goods or services for sale, and that did not contain an opt-out notice as described in the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. Plaintiff alleged that the sending of these faxes violated the TCPA, the Illinois Consumer Fraud Act and Illinois common law (conversion, private nuisance, and trespass to chattels). Plaintiff sought to represent a class of persons to whom CMK and CLT sent the unsolicited advertising facsimiles. CMK and CLT deny these allegations but have agreed to settle to avoid the costs and uncertainties of litigation. CMK and CLT will vigorously defend the lawsuit if the proposed settlement is not approved. Plaintiff has brought this action on behalf of itself and the Settlement Class set forth below. The Court has preliminarily certified the Settlement Class which has been defined as:

> All persons and entities with fax numbers who on March 18, 2013, received faxes in the form of Exhibit A, by or on behalf of CMK and CLT promoting their goods or services for sale and which do not contain an opt-out notice as described in 47 U.S.C. § 227. (the "Settlement Class").

Based on the discovery conducted to date, CMK and CLT may have successfully sent you at least one fax on March 18, 2013 in the form of Exhibit A to the complaint.

**III. WHO REPRESENTS YOU?**
The Court has appointed Edelman, Combs, Latturner, & Goodwin, LLC to represent the Settlement Class as Class Counsel. Class Counsel may be contacted at: **Edelman, Combs, Latturner, & Goodwin, LLC (28399), 120 S. LaSalle St., Suite 1800, Chicago, IL 60603; 312-739-4200, (312) 419-0379 (FAX), www.edcombs.com.**

**IV. WHAT IS THE PROPOSED SETTLEMENT?**
The parties to the lawsuit have agreed to settle after extensive negotiations. Under the proposed settlement, CMK, through its insurer, State Farm Fire & Casualty Co., and CLT, through its insurer, ProAssurance Specialty Insurance Company, Inc., have collectively agreed to make available a Settlement Fund in the total amount of $120,000 (the "Settlement Fund"). If this settlement is approved by the Court the Settlement Fund will cover an incentive award to the plaintiff Balmoral Home, Inc. for its service as a class representative ($1,500), attorney's fees to Class Counsel (in the amount of $39,600 or 33% of the Settlement Fund), plus costs of notice and administration . After these amounts are deducted, each Class Member who submits a valid claim online, faxed, or postmarked by **DATE, 2014** will receive an equal share of the remaining funds based on the number of facsimile transmissions each Class Member was sent, up to a maximum of $250 per facsimile. Your share of the Settlement Fund depends on how many Settlement Class members submit Claim Forms and how many fax transmissions each Settlement Class member was sent. This notice is being sent to 301 unique fax numbers that comprise the Settlement Class. A total of approximately 304 faxes were successfully sent. Most Settlement Class members were sent one fax transmission. The recovery is subject to court approval.

**V. SUMMARY OF YOUR LEGAL RIGHTS AND OPTIONS**

**(1) Remain a member of the Settlement Class and submit a claim to receive a portion of the Settlement Fund**. In order to receive a cash payment under this settlement you must fully complete and submit the Claim Form at the end of this notice in the manner indicated (see instructions on Claim Form) online, faxed, or postmarked by **[DATE], 2014**. If you do not submit a fully completed Claim Form by the date indicated you will not receive a cash recovery and you will still remain a member of the Settlement Class and be bound by the terms of the Settlement Agreement. **(2) Exclude Yourself from the Settlement.** If you do not wish to participate in the Settlement you may exclude yourself from the Settlement by sending (via fax or US Mail) a letter of notice of your intent to be excluded from the Settlement to Class Counsel at Edelman, Combs, Latturner & Goodwin, LLC (28399), 120 S. LaSalle St., Suite 1800, Chicago, IL 60603, fax: (312) 419-0379 or the Claims Administrator [provide address and fax number]. The notice of exclusion must state your name (or the name of your company), address, and the fax number at which you were sent a fax from CMK and CLT, and the case name and number at the top of this notice, and state that you wish to be excluded from the proposed Settlement Class. The Notice of Exclusion must be postmarked or received on or before **[DATE], 2014** or you will remain a Settlement Class member. If you exclude yourself from the Settlement you will not be eligible to receive a cash recovery under the Settlement and you will not be releasing any claims you may have against CMK and CLT.

**(3) Object to the Settlement.** You have the right to tell the Court that you object to the Settlement or some part of it by filing a written objection with the Clerk of the Court advising the Court of your objection. If you wish to object to the Settlement you must remain a member of the Settlement Class and you cannot exclude yourself from the Settlement Class. Either on your own or through an attorney you can file an objection explaining why you think the Court should not approve the settlement. You must file the objection with the Clerk of the United States District Court, Northern District of Illinois, 219 S. Dearborn, Chicago, IL 60604. The objection must contain the case name and number – *Balmoral Home, Inc. v. CMK Healthcare Training Center, LLC and Complete Lab Tests, Inc.*, 13 C 3995; your name, address and the fax number for the facsimile machine on which you were sent the fax by CMK and CLT; a statement of your objection to the Settlement Agreement, an explanation of the legal and factual basis for the objection; and documentation, if any, to support your objection. The objection must be filed with the Clerk of the Court on before **DATE, 2014**. The Court will consider your objection if you properly submit an objection on time. You must also mail a copy of your objection to Class Counsel at the address provided in paragraph III and to Defendants' Counsel at the following address: David J. Tecson, CHUHAK & TECSON, 30 S. Wacker Dr., Suite 2600, Chicago, IL 60606 and Kirk D. Bagrowski, EICHORN & EICHORN, LLP, 200 Russell Street, PO BOX 6328, Hammond, IN 46325.

**(4) Do Nothing.**   You are not required to take any action and may simply do nothing.  If you do nothing you will remain a member of the Settlement Class but you will not receive a cash recovery and will be bound by all the terms of the Settlement Agreement including but not limited to a release of any claims you may have against CMK and CLT for sending you unsolicited fax advertisements on March 18, 2013 in the form of <u>Exhibit A</u>.

## VI.      WHAT  AM  I  GIVING  UP  UNDER  THE SETTLEMENT?

If the settlement becomes final, you will be releasing CMK and CLT for any claims related to or arising from the transmission of facsimiles on March 18, 2013 in the form of Exhibit A to the Amended Complaint, by or on behalf of CMK and CLT promoting their goods or services for sale, which do not contain an opt out notice as described in 47 U.S.C. § 227 for the time period of May 30, 2009 through and including May 30, 2013.   This release is more fully explained in the Settlement Agreement which is available at the Clerk's Office during regular business hours, U.S. District Court for the Northern District of Illinois, 219 S. Dearborn St., Chicago, IL 60604, case number 13 C 3995.

## VII.      FINAL APPROVAL HEARING

The Court has scheduled a final approval hearing for [**DATE AND TIME**] in Courtroom 1025 of the United States District Courthouse for the Northern District of Illinois at 219 S. Dearborn St., Chicago, IL 60604.   You do not have to appear at this hearing.   You or your attorney may attend this hearing if you desire and request to address the Court regarding any matters relating to this Settlement.

## VIII.      WHERE CAN I GET MORE INFORMATION?

This notice is intended only as a summary of the lawsuit and proposed settlement.  It is not a complete statement of the lawsuit or the proposed settlement.  You may inspect the pleadings and other papers (including the proposed Settlement Agreement) that have been filed in this case number, 13 C 3995, at the office of the Clerk of the Court, U.S. District Court for the Northern District of Illinois, 219 S. Dearborn St., 20th Fl., Chicago, IL 60604.  If you have questions about this notice or the proposed settlement, you may contact Settlement Class Counsel at the address and phone number listed above.  **DO NOT CONTACT THE COURT OR DEFENDANTS FOR INFORMATION.**

BY ORDER OF THE U.S. DISTRICT COURT, N.D. Ill.

# EXHIBIT 2

**Exhibit 2**
**CLAIM FORM**

**_BALMORAL HOME, INC. v. CMK HEALTHCARE TRAINING CENTER, LLC and_**
**_COMPLETE LAB TESTS, LLC,_** No. 13 C 3995 (N.D. Ill.)
**TO RECEIVE A PAYMENT UNDER THIS SETTLEMENT AGREEMENT, THIS CLAIM**
**FORM MUST BE SUBMITTED ONLINE, FAXED, OR POSTMARKED ON OR BEFORE**
**DATE, 2014 TO THE FOLLOWING:**

IF YOU DO NOT SUBMIT A COMPLETED CLAIM FORM ONLINE, FAXED, OR POSTMARKED BY THE
DATE INDICATED YOU WILL NOT RECEIVE A CASH RECOVERY UNDER THIS SETTLEMENT

**INSTRUCTIONS**: You must provide all required information below and sign the claim form and submit online,
mail or fax the claim form. Please print or type the following information:

NAME OF PERSON OR ENTITY THAT SUBSCRIBED TO THE FAX LINE:

**Company Name**

**Contact Name**

| Last | | | | | | | | | | | | | | | | | | | | |
|------|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|
| First | | | | | | | | | | | | | | | | | | | | |

**Address:**

| Line 1: | | | | | | | | | | | | | | | | | | | | |
|---------|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|
| Line 2: | | | | | | | | | | | | | | | | | | | | |
| City/St/Zip | | | | | | | | | | | | | | | | | | | | |

**Fax Number** at which you received fax from CLT and CMK (area code-number):

| Fax | | | | **-** | | | | **-** | | | | |
|-----|--|--|--|-------|--|--|--|-------|--|--|--|--|

Under penalty of perjury, I am verifying that on March 18, 2013, I or my company received an unsolicited
advertising fax in the form of Exhibit A by CMK and CLT.

_____    Date: _____
          Signature

_____
Print name and title

**IT IS YOUR RESPONSIBILITY TO KEEP A CURRENT ADDRESS**
**ON FILE WITH THE CLAIMS ADMINISTRATOR.**

3

# EXHIBIT 3

**EXHIBIT 3**
**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| BALMORAL HOME, INC., | ) | |
| on behalf of itself and a class, | ) | |
| | ) | |
| Plaintiff, | ) | 13 C 3995 |
| | ) | |
| v. | ) | |
| | ) | Magistrate Judge Cox |
| CMK HEALTHCARE TRAINING | ) | |
| CENTER, LLC and COMPLETE LAB | ) | |
| TESTS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER GRANTING MOTION FOR**
**PRELIMINARY APPROVAL OF SETTLEMENT**

The Motion of Plaintiff Balmoral Home, Inc. ("Plaintiff") for Preliminary Approval of Class Action Settlement and Notice to the Class with Defendants CMK Healthcare Training Center, LLC ("CMK") and Complete Lab Tests, LLC ("CLT"), (collectively, "Defendants") came on for hearing on DATE, 2014.

Having considered Plaintiff's moving papers, the signed Settlement Agreement (the "Settlement Agreement") attached as <u>Appendix A</u> to Plaintiff's Motion for Preliminary Approval, and all other evidence submitted concerning Plaintiff's motion, and being duly advised in the premises, the Court hereby finds that:

(a)  The settlement proposed in the Settlement Agreement has been negotiated in good faith at arm's length and is preliminarily determined to be fair, reasonable, adequate, and in the best interests of the Settlement Class (as defined below).

(b)  The Class Notice (as described in the Settlement Agreement) fully complies with Federal Rule of Civil Procedure 23(c)(2)(B) and due process, constitutes the best notice

1

practicable under the circumstances, and is due and sufficient notice to all persons entitled to notice of the settlement of the Litigation.

(c)     With respect to the Settlement Class, this Court finds that, for settlement purposes only, certification is appropriate under Federal Rule of Civil Procedure 23(a) and (b)(3).  This Court finds that members of the Settlement Class will receive notice of the settlement through the notice program described below.

(d)     This Court finds that the Class Notice described below constitutes the best notice practicable under the circumstances and fully complies with Federal Rule of Civil Procedure 23(c)(2)(B).

**IT IS THEREFORE ORDERED THAT:**

1.     The settlement proposed in the Settlement Agreement has been negotiated in good faith at arm's length and is preliminarily determined to be fair, reasonable, adequate, and in the best interests of the Settlement Class in light of the factual, legal, practical and procedural considerations raised by this case.

2.     The following class (the "Settlement Class") is preliminarily certified solely for the purpose of settlement pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3):

> All persons and entities with fax numbers who on March 18, 2013, received faxes in the form of <u>Exhibit A</u>, by or on behalf of CMK and CLT, promoting their goods or services for sale  and which do not contain an opt out notice as described in 47 U.S.C. § 227 (the "Settlement Class").

The Court makes a preliminary finding that this action satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23(a) and (b). The class as defined in the Settlement Agreement (the "Class") is so numerous that joinder of all members is not practicable, there are questions of law and fact common to the Class, the claims of the Class Representative are typical of the claims of the Class, and the Class Representative will fairly and adequately protect the

interests of the Class. Questions of law and fact common to the members of the Class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

3.      The Court preliminarily appoints Plaintiff Balmoral Home, Inc. as Class Representative of the Settlement Class and finds that it meets the requirements of Fed. R. Civ. P. 23.

4.      The Court preliminarily appoints the following lawyers as Settlement Class Counsel and finds that they meet the requirements of Fed. R. Civ. P. 23:  Daniel A. Edelman and Heather A. Kolbus of Edelman, Combs, Latturner and Goodwin, LLC, 120 S. LaSalle Street, 18th Floor, Chicago, Illinois 60603.

5.      State Farm Fire & Casualty Company ("State Farm") and ProAssurance Specialty Insurance Company, Inc. ("ProAssurance") shall pay from the Settlement Fund the cost to retain a mutually agreeable third-party Claims Administrator and will provide notice of its selection to Class Counsel within 7 days after entry of this Order.

6.      If (i) the Settlement Agreement is terminated pursuant to its terms; (ii) the Settlement Agreement, the Preliminary Approval Order, and the Final Approval Order do not for any reason become effective; or (iii) the Settlement Agreement, Preliminary Approval Order, and Final Approval Order are reversed, vacated, or modified in any material respect which is not agreeable to all Parties, then (a) all orders entered pursuant to the Settlement Agreement shall be deemed vacated, including without limitation the certification of the Settlement Class and all other relevant portions of this Order, (b) this case shall proceed as though the Settlement Class had never been certified, and (c) no reference to the prior Settlement Class, or any documents related thereto, shall be made for any purpose.  If the settlement does not become final in

accordance with the terms of the Settlement Agreement, then the Final Approval Order shall be void and shall be deemed vacated. Defendants retain the right to oppose class certification if the settlement is vacated, and the doctrines of res judicata, collateral estoppel or law of the case shall not be applied.

7.      The Claims Administrator shall give notice of the settlement, its terms, the right to opt out, appear and the right to object to the settlement as set forth in the Settlement Agreement. The Settlement Agreement's plan for class notice is the best notice practicable under the circumstances and satisfies the requirements of due process and Fed. R. Civ. P. 23. That plan is approved and adopted.

8.      The form of notice that the Claims Administrator will provide is attached as Exhibit 1 to the Settlement Agreement. By DATE, 2014, the Claims Administrator is ordered to send the Notice substantially in the form of Exhibit 1 and a Claim Form substantially in the form of Exhibit 2 by facsimile to each Class Member identified on the Fax List. The Claims Administrator shall make at least two attempts to transmit the Notice by facsimile to those numbers where the initial transmission failed. The Claims Administrator may create a website which allows for the electronic submission of Claim Forms. Any website created by the Claims Administrator, may also post the Notice, Claim Form, this Order, Exhibit A to the amended complaint, and Settlement Agreement (excluding exhibits). This combined notice program fully complies with the requirements of Federal Rule of Civil Procedure 23(c)(2)(B) and due process, constitutes the best notice practicable under the circumstances, and is due and sufficient notice to all persons entitled to notice of the proposed settlement of this lawsuit. Within 21 days of the date that Notice was sent by facsimile, the Claims Administrator may upon approval of all Parties, provide a second round of notice in the form of Exhibit 1 to the Settlement Agreement

by facsimile to those Class Members who have not responded to the Class Notice. The Court finds that no other notice is necessary. The Claims Administrator and/or Settlement Class Counsel shall provide the Notice and/or the Claim Form to Class Members who contact them to request it.

       9.     To effectuate the settlement, the Court establishes the following deadlines for the events set forth in the Settlement Agreement and directs the Parties to incorporate the deadlines in the Notice and Claim Form:

       (a)     Claim Forms shall be returned by Class Members to Class Counsel or the Claims Administrator online, by fax, or mail postmarked on or before DATE, 2014. Claims not submitted by this date shall be barred.

       (b)     Objections of Class Members or any appearance of an attorney on behalf of a Class Member shall be filed in this Court and served by mail postmarked to Class Counsel and Defendants' Counsel on or before DATE, 2014, or shall be forever barred. Each objection must contain the following information: (a) the objector's name (or business name, if the objector is an entity), address, (b) the telephone number for the facsimile machine on which the Settlement Class Member was sent the fax; (c) a statement of the objection to the Settlement Agreement; (d) an explanation of the legal and factual basis for the objection; and (e) documentation, if any, to support the objection.

       (c)     All memoranda filed by any Class Member in connection with objections must be filed in this Court and served on Plaintiff's Counsel and counsel for Defendants by mail postmarked on or before DATE, 2014, or shall be forever barred.

(d)     Requests by any Class Member to opt out of the settlement must be mailed to Class Counsel or the Claims Administrator on or before DATE, 2014, or shall be forever barred.  A notice of intention to opt out must contain the following information: (a) the Class Member's name, address, and the telephone number for the facsimile machine on which the Class Member was sent the fax; and (b) a statement to the effect that the Class Member does not want to participate in the settlement and waives all rights to any benefits of the settlement.

10.     The Claims Administrator shall file an affidavit identifying the total number of transmissions successfully sent and failed in each round of notice to the class by DATE, 2014. [10 days prior to final approval hearing]  This affidavit shall also identify the total number of valid and invalid claims submitted.  For the invalid claims identified, the Claims Administrator shall set forth the reason why the claim was disallowed.

11.     Defendants shall file proof of compliance with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715(b), no later than DATE, 2014.

12.     Plaintiff's Counsel shall file with the Court a list of the individual members of the Settlement Class seeking exclusion by DATE, 2014.

13.     The final hearing to determine whether the settlement is fair, reasonable, and adequate, and whether it should be approved by the Court, will be conducted on DATE, 2014 at _____.

14.     All papers in support of or in opposition to the Settlement Agreement shall be filed no later than DATE, 2014.  Any responses to objections shall be filed with the Court on or before DATE, 2014.  There shall be no replies from objectors.

6

15.     In the event that the settlement does not become final and the Effective Date does not occur in accordance with the terms of the Settlement Agreement, then this Order shall be void and shall be deemed vacated.

16.     The Court may, for good cause, extend any of the deadlines set forth in this Order or adjourn or continue the final approval hearing without further notice to the Settlement Class.

ENTER:


Dated: _____          _____
                                        United States Magistrate Judge

# EXHIBIT 4

**EXHIBIT 4**
**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| BALMORAL HOME, INC., | ) | |
| on behalf of itself and a class, | ) | |
| | ) | |
| Plaintiff, | ) | 13 C 3995 |
| | ) | |
| v. | ) | |
| | ) | Magistrate Judge Cox |
| CMK HEALTHCARE TRAINING | ) | |
| CENTER, LLC and COMPLETE LAB | ) | |
| TESTS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER FINALLY APPROVING THE SETTLEMENT

On DATE, 2014, this Court entered an order granting preliminary approval (the "Preliminary Approval Order") of the settlement between Plaintiff, on its own behalf and on behalf of the Settlement Class (as defined below), and Defendants CMK Healthcare Training Center, LLC ("CMK") and Complete Lab Tests, Inc. ("CLT") (collectively, "Defendants"), as memorialized in the Settlement Agreement (the "Settlement Agreement").

On DATE, 2014, the Court held a fairness hearing (the "Fairness Hearing"), for which members of the Settlement Class had been given appropriate notice and were invited, including those with any objections. An opportunity to be heard was given to all persons requesting to be heard in accordance with the Preliminary Approval Order. [No persons appeared in Court seeking to address the proposed settlement.] Having considered the Parties' Settlement Agreement, Plaintiff's Memorandum in Support of Final Approval of the Class Action Settlement and all other evidence submitted,

1

**IT IS HEREBY ORDERED THAT:**

1.      This Court has jurisdiction over Plaintiff, Defendants, members of the Settlement Class, and the claims asserted in the Litigation.

2.      The Settlement Agreement was entered into in good faith following arm's length negotiations and is non-collusive.

3.      This Court grants final approval of the Settlement Agreement, including but not limited to the releases in the Settlement Agreement, and finds that it is in all respects fair, reasonable, and in the best interest of the Settlement Class.  Therefore, all members of the Settlement Class who have not opted out (*i.e.*, <u>identify those parties who opt out</u>) are bound by this Order Finally Approving the Settlement and the Settlement Agreement.

<u>Class Certification</u>

4.      The previously certified class (the "Settlement Class") is now finally certified pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3):

> All persons and entities with fax numbers who on March 18, 2013, received faxes in the form of <u>Exhibit A</u>, by or on behalf of CMK and CLT promoting their goods or services for sale and which do not contain an opt out notice as described in 47 U.S.C. § 227 (the "Settlement Class").

5.      The Court finds that certification solely for purposes of settlement is appropriate in that (a) the class is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the class that predominate over any questions affecting only individual class members; (c) Plaintiff's claims are typical of the claims of the class; (d) Plaintiff will fairly and adequately protect the interests of the class; (e) Edelman, Combs, Latturner & Goodwin, LLC is adequate class counsel; and (f) a class action is the superior method for the fair and efficient adjudication of this controversy.

6. Balmoral Home, Inc. is designated as representative of the Settlement Class.

7. Daniel A. Edelman and Heather Kolbus of Edelman, Combs, Latturner and Goodwin, LLC are appointed as Class Counsel.

## Class Notice

8. The Class Notice (as described in the Settlement Agreement) fully complies with the requirements of Federal Rule of Civil Procedure 23(c)(2)(B) and due process, constitutes the best notice practicable under the circumstances, and is due and sufficient notice to all persons entitled to notice of the settlement of the Action. The Court has approved the forms of notice to the Settlement Class.

9. With respect to the Settlement Class, this Court finds that certification is appropriate under Federal Rule of Civil Procedure 23(a) and (b)(3). Notice was given by facsimile to each Settlement Class Member. The Class Notice and Settlement Agreement (without exhibits), Exhibit A to the amended complaint, and preliminary approval order were also posted on the Claims Administrator's website. These forms of Class Notice fully comply with the requirements of Rule 23(c)(2)(B) and due process, constitute the best notice practicable under the circumstances, and are due and sufficient notice to all persons entitled to notice of the settlement of this lawsuit. A total of _____ valid and timely claim forms were submitted.

## Objections and Opt-Outs

10. [No objections were filed by Class Members.]

11. A total of ___ entities have validly requested exclusion from the Settlement Class. The entities that have validly opted out of the settlement are: [identify opt outs] Dkt. Nos. ##.

### Class Compensation

12.     In accordance with the terms of the Settlement Agreement, CLT, through its insurer, ProAssurance Specialty Insurance Company, Inc. ("ProAssurance"), and CMK, through its insurer, State Farm Fire & Casualty Company ("State Farm"), shall pay $120,000 for the Settlement Fund, less any costs advanced for notice and administrative expenses to the Claims Administrator pursuant to the procedures set forth in the Settlement Agreement.

### Releases

13.     Upon entry of this Order Finally Approving the Settlement, Plaintiff and each Settlement Class Member shall be deemed to have granted the releases set forth in the Settlement Agreement.

### Award of Attorneys' Fees, Costs, and Incentive Award

14.     The Court has considered Class Counsel's application for attorneys' fees.  The Court awards Class Counsel the sum of $_____ as an award of attorney's fees to be paid from the Settlement Fund, and finds this amount of fees is fair and reasonable.  This amount shall be paid from the Settlement Fund within 14 days following the Effective Date.

15.     The Court grants Class Counsel's request for an incentive award to the class representative and awards $1,500 to Balmoral Home, Inc.  The Court finds that this payment is justified by the Class Representative's service to the Settlement Class.  This  amount shall be paid from the Settlement Fund within 14 days following the Effective Date.

### Other Provisions

16.     The Parties to the Settlement Agreement shall carry out their respective obligations thereunder.

17.     Neither the Settlement Agreement, the Preliminary Approval Order, this Order Finally Approving the Settlement, nor any of their provisions, nor any of the documents (including but not limited to drafts of the Settlement Agreement, the Preliminary Approval Order, Order Finally Approving the Settlement), negotiations, or proceedings relating in any way to the settlement, shall be construed as or deemed to be evidence of an admission or concession of any kind by any person, including Defendants, and shall not be offered or received in evidence in this or any other action or proceeding except in an action brought to enforce the terms of the Settlement Agreement or except as may be required by law or court order.

18.     Any unclaimed or undistributed Settlement Funds shall revert to State Farm and ProAssurance as agreed between them.    Any payments are due in accordance with the timing set forth in the Settlement Agreement.

19.     The Claims Administrator shall file an affidavit of final accounting of the settlement by DATE, 2014.   Class Counsel shall file an affidavit as to payment of attorney's fees and plaintiff's incentive award.

20.     Within 30 days following the Effective Date, the Claims Administrator shall provide a list of valid and invalid claims to counsel for the Parties.  State Farm and ProAssurance shall provide sufficient funds to the Claims Administrator so that it may issue, within 28 days following the Effective Date, checks to the Settlement Class members.

21.     A hearing on the final accounting of the settlement is set for DATE, 2014 at TIME.

22.     The Parties are ordered to take all necessary actions to complete the settlement in accordance with the Settlement Agreement and shall comply with the terms of the Settlement Agreement.

ENTER:


Dated: _____                          _____
                                                        United States Magistrate Judge